TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA*
*Collective and potential Rule 23 Class*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:    (718) 762-1324

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

NILDA SUAREZ CASTANEDA and
MARIA CALLE ALVARADO,
*on behalf of themselves and others similarly situated,*
                                                         Plaintiffs,

v.

F&R CLEANING SERVICES CORP,
ROBERT MELINA,
JESUS VAZQUEZ, and
FRANTZ SCUTT,
                                                         Defendants.
-----------------------------------------------------------x

**Case No: 17-cv-07603**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**F.R.C.P. 23  CLASS ACTION**

**COMPLAINT**

Plaintiffs NILDA SUAREZ CASTANEDA and MARIA CALLE ALVARADO

(hereinafter referred to as "Plaintiffs"), on behalf of themselves and other similarly situated, by

and through their attorney, Troy Law, PLLC, hereby bring this complaint against Defendants

F&R CLEANING SERVICES CORP, ROBERT MELINA, JESUS VAZQUEZ, and FRANTZ

SCUTT, (hereinafter referred to as "Defendants").

## INTRODUCTION

1. This action is brought by Plaintiffs, on behalf of themselves as well as other similarly

   situated employees against Defendants of the New York Labor Law (NYLL), arising from

   Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants:

   (1) unpaid minimum wage compensation, (2) unpaid overtime wage compensation, (3)

illegally retained credit card tips, (4) out-of-pocket costs for cleaning supplies, (5) liquidated damages, (6) prejudgment and post-judgment interest; and/or (7) attorneys' fees and costs.

3.  Plaintiffs further allege pursuant to New York Labor Law § 650 *et seq.* and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants:  (1) unpaid minimum wage compensation, (2) unpaid overtime wage compensation, (3) illegally retained credit card tips, (4) out-of-pocket costs for cleaning supplies, (5) up to five thousand dollars ($5,000) per Plaintiffs for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiffs for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (8) 9% simple prejudgment interest provided by NYLL, (9) post-judgment interest, and (10) attorney's fees and costs.

## JURISDICTION AND VENUE

4.  This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331.

5.  This Court has jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.  Plaintiff NILDA SUAREZ CASTANEDA was employed by Defendant F & R CLEANING SERVICES CORPORATION, with a primary address of 213 Taaffe Place, Suite 110, Brooklyn, NY 11205 as a cleaning aide.

8.  Plaintiff MARIA CALLE ALVARADO was employed by Defendant F & R CLEANING SERVICES CORPORATION, with a primary address of 213 Taaffe Place, Suite 110, Brooklyn, NY 11205 as a cleaning aide.

## DEFENDANTS

### *Corporate Defendant*

9.  Defendant F & R CLEANING SERVICES CORPORATION is a domestic business corporation organized under the laws of the State of New York with a principal address at 213 Taaffe Place, Suite 110, Brooklyn, NY 11205.

10. Upon information and belief, F & R CLEANING SERVICES CORPORATION is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

11. Upon information and belief F & R CLEANING SERVICES CORPORATION purchased and handled goods moved in interstate commerce.

12. At all relevant times, the work performed by Plaintiffs was directly essential to the businesses operated by F & R CLEANING SERVICES CORPORATION.

*Owner/ Operator Defendants*

13. The Individual Defendant is an officer, director, manager and/or majority shareholder or owner of the Corporate Defendants F & R CLEANING SERVICES CORPORATION, and as one of the ten largest shareholders, is individually responsible for unpaid wages under the New York Business Corporation Law.

14. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant ROBERT MELINA, known as "Boss" to Plaintiffs, is in charge of all areas of the cleaning service, including the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy at F & R CLEANING SERVICES CORPORATION at 213 Taaffe Place, Suite 110, Brooklyn, NY 11205.

15. ROBERT MELINA did regularly text Plaintiffs NILDA SUAREZ CASTANEDA and MARIA CALLE ALVARADO their cleaning assignments, and disciplined Plaintiffs if they did not meet the standards of the cleaning service.

16. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant ROBERT MELINA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with & R CLEANING SERVICES CORPORATION.

17. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant JESUS VAZQUEZ, known as "Manager" to Plaintiffs, is in charge of all areas of the cleaning service, including the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and

employment policy at F & R CLEANING SERVICES CORPORATION at 213 Taaffe Place, Suite 110, Brooklyn, NY 11205.

18. JESUS VAZQUEZ did regularly text Plaintiffs NILDA SUAREZ CASTANEDA and MARIA CALLE ALVARADO their cleaning assignments, and disciplined Plaintiffs if they did not meet the standards of the cleaning service.

19. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant ROBERT MELINA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with & R CLEANING SERVICES CORPORATION.

20. Owner/ Operator Defendant FRANTZ SCUTT is in charge of all areas of the cleaning service, including the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy at F & R CLEANING SERVICES CORPORATION at 213 Taaffe Place, Suite 110, Brooklyn, NY 11205.

21. Owner/ Operator Defendant FRANTZ SCUTT acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with & R CLEANING SERVICES CORPORATION.

## STATEMENT OF FACTS

22. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

23. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the hourly minimum wage rate for each hour worked.

24. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully due overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

25. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

26. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

27. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice in English and in Spanish (Plaintiffs' primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

28. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiffs worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

29. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

30. Defendants willfully and intentionally committed widespread violations of the FLSA and NYLL.

*Plaintiff NILDA SUAREZ CASTANEDA*

31. From on or about August 01, 2016 to November 30, 2016 and again from on or about October 23, 2017 to November 27, 2017, Plaintiff NILDA SUAREZ CASTANEDA was employed as a cleaning aide for F&R CLEANING SERVICES CORP.

32. At all relevant times, Plaintiff NILDA SUAREZ CASTANEDA's work schedule ran from 09:00 to between 16:00 and 17:00 for an average of seven and a half (7.5) hours a day from Monday through Saturday for six (6) days a week and an average of forty five (45) hours each week.

33. At all relevant times, Plaintiff NILDA SUAREZ CASTANEDA was not given any break.

34. At all relevant times, Plaintiff was also not informed of her hourly pay rate or any tip deductions toward the minimum wage, and she was not paid overtime pay for overtime work.

35. Defendants never informed Plaintiff that they were taking tip credit towards the minimum wage.

36. At all relevant times, each morning, Defendants would text Plaintiff NILDA SUAREZ CASTANEDA her assigned apartment building and room number to be cleaned, either "regular" or "deep cleaning"

37. Plaintiff NILDA SUAREZ CASTANEDA is promised a pay at a flat rate of thirty five dollars ($35) per "regular" apartment cleaned, and seventy dollars ($70) for "deep cleaning."

38. Plaintiff, however, was not paid at all from November 06, 2016 to November 30, 2016 and again from October 28, 2017 to November 27, 2017.

39. On a typical workweek, Plaintiff NILDA SUAREZ CASTANEDA would clean three (3) rooms "regularly" on Mondays, two (2) to three (3) rooms "regularly" from Tuesday to

Friday, and four (4) rooms "regularly" on Saturday.

40. There would be one to two "deep clean" every week.

41. Each room would take Plaintiff NILDA SUAREZ between four (4) and four and a half (4.5) hours to clean relatively clean rooms "regularly" and five (5) hours to clean relatively dirty rooms "regularly" and six (6) hours for "deep cleaning."

42. Plaintiff NILDA SUAREZ CASTANEDA was not paid for transportation time, though it took her between three (3) to four (4) hours to go from one apartment to the next.

43. Further, Plaintiff NILDA SUAREZ CASTANEDA was not paid for her transportation cost from one apartment to the next, though many apartments are located very far away from the city and required the purchasing of expensive train tickets.

44. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff NILDA SUAREZ CASTANEDA her lawfully overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

45. While employed by Defendants, Plaintiff NILDA SUAREZ CASTANEDA was not exempt under federal and state laws requiring employers to pay employees overtime.

46. Defendants required Plaintiff NILDA SUAREZ CASTANEDA to shoulder Defendants' business expenses, including expending out-of-pocket and unreimbursed cleaning supply expenses, including Clorox, Bounty, Ajax, and mops.

    a. On November 1, 2017, Plaintiff NILDA SUAREZ CASTANEDA spent fourteen dollars and eighty two cents ($14.82);

    b. On November 3, 2017, Plaintiff NILDA SUAREZ CASTANEDA spent seventeen dollars and ten cents ($17.10);

    c. On November 9, 2017, Plaintiff NILDA SUAREZ CASTANEDA spent nine

dollars and sixty seven cents ($9.67);

    d.  On November 9, 2017, Plaintiff NILDA SUAREZ CASTANEDA spent sixteen dollars and eighty nine cents ($16.89).

47. Roughly sixty percent (60%) of Defendants' customers pay tips through credit card.

48. While tips range from ten dollars ($10) to thirty dollars ($30), on average it is twenty dollars ($20).

49. As a result, on average, Defendants unlawfully retained roughly four hundred twenty dollars ($420) in credit card tips from Plaintiff each week.

### Plaintiff MARIA CALLE ALVARADO

50. From on or about September 29, 2016 to September 06, 2017, Plaintiff MARIA CALLE ALVARADO was employed as a cleaning aide for F&R CLEANING SERVICES CORP.

51. At all relevant times, Plaintiff MARIA CALLE ALVARADO's work schedule ran from 09:00 to between 16:00 and 17:00 for an average of seven and a half (7.5) hours a day from Monday through Saturday for six (6) days a week and an average of forty five (45) hours each week.

52. At all relevant times, Plaintiff MARIA CALLE ALVARADO was not given any break.

53. At all relevant times, Plaintiff was also not informed of her hourly pay rate or any tip deductions toward the minimum wage, and she was not paid overtime pay for overtime work.

54. Defendants never informed Plaintiff that they were taking tip credit towards the minimum wage.

55. At all relevant times, each morning, Defendants would text Plaintiff MARIA CALLE ALVARADO her assigned apartment building and room number to be cleaned, either

"regular" or "deep cleaning"

56. Plaintiff MARIA CALLE ALVARADO is promised a pay at a flat rate of thirty five dollars ($35) per "regular" apartment cleaned, and seventy dollars ($70) for "deep cleaning."

57. Plaintiff, however, was not paid at all from August 14, 2017 to September 06, 2017.

58. In addition, Plaintiff was not paid from March 20, 2017 to March 25, 2017.

59. On a typical workweek, Plaintiff MARIA CALLE ALVARADO would clean three (3) rooms "regularly" on Mondays, two (2) to three (3) rooms "regularly" from Tuesday to Friday, and four (4) rooms "regularly" on Saturday.

60. There would be one to two "deep clean" every week.

61. Each room would take Plaintiff MARIA CALLE ALVARADO between four (4) and four and a half (4.5) hours to clean relatively clean rooms "regularly" and five (5) hours to clean relatively dirty rooms "regularly" and six (6) hours for "deep cleaning."

62. Plaintiff MARIA CALLE ALVARADO was not paid for transportation time, though it took her between three (3) to four (4) hours to go from one apartment to the next.

63. Further, Plaintiff MARIA CALLE ALVARADO was not paid for her transportation cost from one apartment to the next, though many apartments are located very far away from the city and required the purchasing of expensive train tickets.

64. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff MARIA CALLE ALVARADO her lawfully overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

65. While employed by Defendants, Plaintiff MARIA CALLE ALVARADO was not exempt under federal and state laws requiring employers to pay employees overtime.

66. Roughly sixty percent (60%) of Defendants' customers pay tips through credit card.

67. While tips range from ten dollars ($10) to thirty dollars ($30), on average it is twenty dollars ($20).

68. As a result, on average, Defendants unlawfully retained roughly four hundred twenty dollars ($420) in credit card tips from Plaintiff each week.

## COLLECTIVE ACTION ALLEGATIONS

69. Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

70. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

71. All said persons, including Plaintiffs, are referred to herein as the "Class."

72. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their

names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

73. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are over forty (40) members in the class.

*Commonality*

74. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

    b. Whether Plaintiffs and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

    c. Whether Plaintiffs and Class members are entitled to and paid overtime under the New York Labor Law;

    d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

    e. Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f.   Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter;

g.   Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday; and

h.   At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

75.   Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime compensation. They were, furthermore, subject to illegal deductions. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

76.   Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour

employment litigation cases.

*Superiority*

77. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

78. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Minimum and Unpaid Wage Brought on behalf of the Plaintiffs and the FLSA Collective]

79. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

80. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the similarly situated collective action members, for some or all of the hours they worked.

81. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

82. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Minimum and Unpaid Wage
### Brought on behalf of Plaintiffs and Rule 23 Class]

83. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

84. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

85. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

86. Defendants knowingly and willfully violated Plaintiffs' and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

87. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiffs and the FLSA Collective]

88. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

89. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and

one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

90. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

91. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

92. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

93. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

94. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

95. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Overtime Pay Brought on behalf of Plaintiffs and Rule 23 Class]

96. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

97. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

98. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one half times the hourly rate the Plaintiffs and the class are entitled to.

99. Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

100.  Defendants' failure to pay Plaintiffs were not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay Brought on behalf of Plaintiffs and Rule 23 Class]

101.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

102.  The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

103.  Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

## COUNT VI.
### [Illegal Tip Retention, NYLL §146-2.18 and NYLL §146-2.20
### Brought on behalf of Plaintiffs and the Rule 23 Class]

104.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

105.  Section 196-d of the New York State Labor Law prohibits employers from demanding, accepting, or retaining, directly or indirectly, any part of an employee's gratuity or any charge purported to be a gratuity.

106.  A charge purported to be a gratuity, including charges advertised to be "delivery fee" to customers, must be distributed in full as gratuities to the service employees or food service workers who provided the service.

107.  §146-2.18 provides that there shall be a rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services, including but not limited to any charge for "service" or "food service," is a charge purported to be a gratuity.

108.  NYLL §146-2.20 provides that when tips are charged on credit cards, the employer must return to the employee the full amount of the tip charged on credit card minus the pro-rated portion of the tip taken by the credit card company.

109.  Employers are prohibited from unjustly enriching themselves by charging their employees a gratuities service fee charge which exceed the costs of converting credit card gratuities into cash.

### COUNT VII.
### [Unlawful Deductions, NYLL 193 & 196(d)
### Brought on behalf of Plaintiffs and the Rule 23 Class]

110.   Plaintiffs repeat and re-allege all allegations in all preceding paragraphs as if fully set

forth herein.

111.   Throughout the period covered by the applicable statute of limitations, Defendants

knowingly retained portions of gratuities received by Plaintiffs in violation of the NYLL

and the supporting regulations of the New York State Department of Labor.

112.   Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the

Class are entitled to recover from Defendants the amounts of any unlawful deductions,

liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-

judgment and post-judgment interest.

### COUNT VIII.
### [Breach of Implied Contract for Reimbursement of all Costs and Expenses of
### Cleaning Supplies
### Brought on behalf of Plaintiffs and the Rule 23 Class]

113.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

114.   Throughout the relevant period, Defendants required their cleaning aides to bear all of the

"out-of-pocket" costs associated with their cleaning services, including the purchase of

cleaning supplies.

115.   Based on their personal experience and available information, Plaintiffs can document

actual "out-of-pocket" business expenses.

116.   The conduct of Defendants, and the course of Defendant's conduct between the parties,

evidenced an intent for Plaintiffs to purchase the cleaning supplies for Defendant's

customers.

117.    Plaintiffs purchased the supplies their own expense.

118.    Plaintiffs performed service as cleaning aides for the sole benefit of the Defendants.

119.    Defendants neither explicitly nor implicitly requested Plaintiffs to cease the purchase of

the supplies and in fact promised Plaintiffs prompt reimbursement.

120.    As a result of the afore-alleged conduct of the parties, an implied contract arose between

them the terms of which are that Plaintiffs would incur the expenses for cleaning supply in

exchange for compensation from Defendants for such expenses.

121.    Defendants never compensated Plaintiffs for any expenses from purchase of cleaning

supplies.  As a result, Defendants breached the implied contract by failing and refusing to

pay Plaintiffs a reasonable sum under the afore-alleged facts.

122.    Defendants owe Plaintiffs their overdue costs.


## COUNT IX.
### [Violation of New York Labor Law—Failure to Provide Meal Periods
### Brought on behalf of Plaintiffs and Rule 23 Class]

123.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

124.    The NYLL requires that employees provide: a noon day meal period of at least thirty (30)

minutes for employees who work a shift of more than six hours extending over the noon day

meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of

at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues

later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the

beginning and end of the shift for employees whose shift lasts more than six hours and starts

between 1 p.m. and 6 a.m. NYLL§ 162.

125.    Defendants failed to provide meal periods required by NYLL §162 for every day that

Plaintiffs and the Rule 23 class work or worked.

126.    Though the Department of Labor commissioner may permit a shorter time to be fixed for

meal periods than hereinbefore provided, such permit must be in writing and be kept

conspicuously posted in the main entrance of the establishment. No such permit is posted.

127.    Defendants' failure to provide the meal periods required by NYLL §162 was not in good

faith.

## COUNT X.
### [Violation of New York Labor Law—Record-Keeping Requirements
### Brought on behalf of Plaintiffs and Rule 23 Class]

128.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

129.    Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for

a period of not less than six years, as required by NYRR § 146-2.1.

130.    As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including

loss of earning, in an amount to be established at trial, liquidated damages, prejudgment

interest, costs and attorneys' fee, pursuant to the state law.

131.    Upon information and belief, Defendants failed to maintain adequate and accurate written

records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their

exploitation of Plaintiffs' labor.

132.    Defendants' failure to maintain adequate and accurate written records of actual hours

worked and true wages earned by Plaintiffs were not in good faith.

## COUNT XI.
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on behalf of Plaintiffs and Rule 23 Class]

133.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

134.  The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

135.  Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

136.  Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

137.  Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT XII.
### [Violation of New York Labor Law—New York Pay Stub Requirement Brought on behalf of Plaintiffs and Rule 23 Class]

138.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

139.   The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

140.   Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiffs, and did not provide the paystub on or after each Plaintiffs' payday.

141.   Due to Defendants' violations of New York Labor Law, each Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiffs together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

### COUNT XIII.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434 Brought on behalf of the Plaintiffs]

142.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

143.   26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

144.   Due to Defendants' violations of 26 USC §7434, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiffs as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT XIV.
### [Civil damages for Deceptive Acts and Practices. Violations of New York General Business Law §349
### Brought on behalf of the Plaintiffs]

145.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

146.   NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

147.   Due to Defendants' violations of NY GBS Law §349, Plaintiffs are entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is greater, or both such actions.

148.   Plaintiffs demand the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)    Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the

nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiffs and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)   Up to five thousand dollars ($5,000) per Plaintiffs for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)   Up to five thousand dollars ($5,000) per Plaintiffs for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)   Reimbursement of reasonable out-of-pocket costs sustained by Plaintiffs and similarly situated drivers in the purchase, maintenance and repair of their motor vehicles as drivers in direct service of Defendant Corporations;

k)   An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)   The cost and disbursements of this action;

n)   An award of prejudgment and post-judgment fees;

o)   Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)   Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
January 9, 2018

                                  TROY LAW, PLLC
                                    *Attorneys for the Plaintiffs, proposed FLSA*
                                    *Collective and Proposed Class Plaintiffs*

                                    /s/ John Troy        
                                    John Troy (JT0481)
                                    41-25 Kissena Boulevard Suite 119
                                    Flushing, NY 11355
                                    Tel: (718) 762-1324
                                    Email: johntroy@troypllc.com